IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOWSER CADILLAC, LLC,                )
                                     )
            Plaintiff,               )
                                     )   CIVIL ACTION NO. 07-1149
      v.                             )   Judge Nora Barry Fischer
                                     )
GENERAL MOTORS CORP., ET AL.,        )
                                     )
            Defendants.              )

**MEMORANDUM OPINION**

**I.   Nature of the Lawsuit**

Plaintiff Bowser Cadillac, LLC ("Bowser") filed its complaint with this Court on August 21, 2007 against defendants General Motors Corporation ("GM") and Saab Cars USA ("Saab") (collectively, "Defendants") alleging violations of the Pennsylvania Board of Vehicles Act[1], 63 P.S. § 818.2 *et seq*. (the "Act") (Counts I-III), tortious interference with a contractual relationship and tortious interference with prospective economic advantage (Counts IV and V). (Docket No. No. 1). Defendants filed a Motion to Dismiss with this Court on September 18, 2007 (Docket

---

[1] The Act generally governs the relationship between automobile manufacturers and franchise distributors. 63 P.S. § 818.1. In particular, section 12(b)(3) of the Act makes it unlawful for any manufacturer or distributor to unreasonably withhold consent to the sale of a franchise to a qualified buyer capable of being licensed as a new vehicle dealer in the Commonwealth of Pennsylvania, who meets the reasonable requirements for appointment as dealer. 63 P.S. §818.12(b)(3). Further, section 12(b)(5) of the Act makes it unlawful for any manufacturer or distributor to fail to respond in writing to a request for consent to the sale of a franchise within 60 days of receipt of a written request on the forms, if any, generally used by the manufacturer or distributor for such purposes and containing the information required. 63 P.S. § 818(12)(b)(5). In addition, this section states that failure to respond by the manufacturer or distributor within the time period set forth, therein, shall be deemed approval of the request and the manufacturer or distributor shall execute and deliver a franchise to the applicant within 30 days of the expiration of this time period. 63 P.S. § 818.12(b)(5).

1

No. 4) and Brief in Support thereof (Docket No. 5). Plaintiff filed a brief in opposition on October 5, 2007. (Docket No. 13). Defendants then filed a Reply Brief in Support on November 1, 2007. (Docket No. 18). Thereafter, the parties requested that the Court hold in abeyance its ruling pending mediation. Since the Court has received a report that settlement did not occur, this matter is ripe for disposition.

This action arises out of Bowser's attempt to purchase substantially all of the assets of the former P & W Saab franchise located on Baum Boulevard in Pittsburgh, Pennsylvania ("P & W"). (Docket No. 1 at ¶¶ 7-10). On or about July 10, 2006, Bowser and P & W entered into an Asset Purchase Agreement pursuant to which Bowser agreed to purchase substantially all of the assets, properties and rights of P & W's Saab dealership, and upon closing, acquire and operate the Saab franchise. *Id.* at ¶ 11. Closing on the Asset Purchase Agreement was conditioned on the approval of Saab and/or GM, pursuant to the terms of P & W's franchise agreement. *Id.* at ¶ 14. On Tuesday, August 2, 2006, Bowser electronically submitted a completed application to GM seeking approval of the Asset Purchase Agreement. *Id.* at ¶ 18. On Thursday, August 3, 2006, GM responded to the same, requesting additional information related to revised sales forecasts. *Id.* at ¶ 19. Bowser electronically submitted the completed application, including the revised sales forecasts on Friday, August 4, 2006. *Id.* at ¶ 20. GM did not request additional information from Bowser after August 4, 2006. *Id.* at ¶ 21.

In a letter dated October 5, 2006, GM notified Bowser that GM would not approve the proposed sale between Bowser and P & W and that GM intended to exercise its right of first refusal pursuant to the agreement between Bowser and GM. *Id.* at ¶ 23. Bowser received GM's letter on October 6, 2006. Subsequently, GM advised Bowser that GM would close the P & W

dealership. *Id.* at ¶ 26. GM's failure to approve the proposed sale of P & W to Bowser resulted in direct and consequential damages to Bowser in excess of $75,000. *Id.* at ¶ 27. In a letter dated October 25, 2006, pursuant to the Act, Bowser demanded mediation of this dispute. However, mediation was not conducted prior to filing of the complaint. *Id.* at ¶ 28.

**II.     Standard of Review**

Under *Bell Atlantic v. Twombly*,---U.S.---, 127 S.Ct. 1955, 167 L.ED.2d 929, a complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* "In determining the sufficiency of the complaint the court must accept all of plaintiffs' well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiffs." *McCliment v. Easton Area School Dist.*, Civil Action No. 07-0472, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997)); *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). "The issue is not whether a [Plaintiff] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974)). Under this standard, a complaint will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of defendant's claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc.*

3

*Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*. Overall, "courts have an obligation ... to view the complaint as a whole and to base rulings not upon the presence of mere words, but rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)).

While a court's review of a motion to dismiss is ordinarily limited to the contents of the complaint, including any attached exhibits, a court may consider some evidence beyond a complaint on a motion to dismiss "including public records ..., documents essential to plaintiff's claim which are attached to defendant's motion, and items appearing in the record of the case." *Core Const. & Remediation, Inc. v. Village of Spring Valley, NY*, No. Civ.A. 06-CV-1346, 2007 WL 2844870, at *2 (E.D. Pa. Sept. 27, 2007) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1380 n.1 and n.2 (3d Cir. 1995)) (internal citation omitted). Finally, the defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

Moreover, when analyzing a Pennsylvania statute, this Court is guided by the Statutory Construction Act. 1 Pa. C.S.A. § 1501 et seq. The Statutory Construction Act requires a court to construe the words of a statute according to their plain meaning 1 Pa. C.S.A. §§ 1921(b),

4

1903(a). Further, matters of statutory construction are for the court's determination, giving appropriate weight to the judgment of those administering a questioned statute. *Meier v. Maleski*, 670 A.2d 755 (Pa. Commonwealth 1996).

### III. <u>Analysis</u>

#### A. **Counts I and III**

Bowser alleges that Defendants violated Sections 12(b)(5) and 12(b)(3) of the Act. Section 12(b)(5) of the Act provides that it is unlawful for a manufacturer and/or distributor to fail to respond in writing to any request for consent to the sale of a franchise within sixty (60) days of receipt of a written request, on the forms, if any, generally utilized by the manufacturer or distributor for such purposes and containing the information required. 63 P.S. § 818.12(b)(5). Section 12(b)(5) also provides that the 60 day time period may be extended by no more than an additional 15 days if supplemental information is requested in a timely manner. *Id.* Further, Section 12(b)(5) states that the 60 day time period shall run from the date of receipt of any supplemental request information. *Id.*[2]

In Count I of the Complaint, Bowser alleges that Defendants violated Section 12(b)(5) of the Act by failing to respond to respond to the proposed Asset Purchase Agreement by and between Bowser and P & W within 60 days, either by rejecting the proposed Asset Purchase Agreement or by exercising a right of first refusal. (Docket No. 1 at ¶ 36). In support, Bowser alleges that Defendants failed to respond to Bowser's August 4, 2006 completed application with additional information until October 5, 2006, 62 days later. Accordingly, Bowser alleges, such response was untimely.

---

[2]In other words, the time period for response shall not exceed 75 days with extensions.

Pursuant to Section 12(b)(3) of the Act, it is unlawful for a manufacturer or distributor to unreasonably withhold consent to the sale of a franchise to a qualified buyer capable of being licensed in the Commonwealth of Pennsylvania, who meets the reasonable requirements of the manufacturer or distributor. 63 P.S. § 818.12(b)(3). In Count III of the Complaint, Bowser alleges that it was a qualified buyer capable of being licensed as a new Saab dealer in the Commonwealth of Pennsylvania. (Docket No. 1 at ¶ 49). Further, Bowser alleges that it met all of Defendants' reasonable requirements for owning and operating P & W's Saab franchise. *Id.* at ¶ 51. Finally, Bowser alleges that GM unreasonably withheld consent to the sale of P & W to Bowser when it attempted to exercise its right of first refusal in an untimely manner, resulting in monetary damages to Bowser. *Id.* at ¶ 52-52.

In response to Counts I and III of the Complaint, Defendants argue that Bowser, a "disappointed prospective purchaser," cannot sustain an action for damages resulting from a manufacturer's exercise of a contractually based right of first refusal. (Docket No. 5 at p. 2). While the case law cited by Defendants appears to support the ultimate merits of Defendants' position, Defendants do not allege that either Count I or Count III are insufficiently pled such that this Court must dismiss them pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Indeed, the cases cited by Defendants support the proposition that a franchisor may freely exercise a contractually provided for right of first refusal without subjecting itself to liability. *See, e.g., Crivelli v. General Motors Corp.*, 215 F.3d 386, 395 (3d Cir. 2000). This holding, however, is not dispositive of the allegations in Bowser's Complaint. The Complaint alleges that Defendants failed to exercise the right of first refusal in a timely manner, the result of which constitutes violations of Sections 12(b)(5) and 12(b)(3) of the Act. This issue is not addressed in

*Crivelli*, nor have Defendants addressed it in their briefs.[3]

Accordingly, Defendants' Motion to Dismiss should be denied as to Counts I and III because Bowser has sufficiently stated a claim for relief pursuant to the law of this jurisdiction.

**B.     Count II**

In Count II of the Complaint, Bowser alleges that, by attempting to exercise their right of first refusal in an untimely manner, Defendants acted in violation of Section 16.1 of the Act, which provides, *inter alia*, that a manufacturer or distributor shall exercise its right of first refusal within the 60 or 75 day time limitation established by Section 12(b)(5) of the Act. 63 P.S. § 818.16(1).

In response, Defendants argue that Bowser lacks standing to pursue this claim and that the allegations set forth in Count II are factually defective. (Docket No. 5 at pp. 5-6). As to the standing issue, a party has standing where that party has "a substantial, immediate and direct interest in the subject matter." *Rosado v. Ford Motor Co.*, 337 F.3d 291, 294 (3d Cir. 2003). In *Rosado*, the Third Circuit explicitly stated, although in dicta, that "[Section 16] require[s] the manufacturer to give timely notice and to reimburse a prospective purchaser with reasonable expenses incurred from negotiating the original agreement with the owner. Obviously, a prospective purchaser would have standing for violation of those statutory provisions." *Id*. at 295-296. Accordingly, Bowser, the prospective purchaser in this case, has standing to raise its claim pursuant to Section 16.1.

---

[3] This Court notes that as the court explains in *Rosado*, the *Crivelli* case "concerned...events that occurred before 1996 when the right of first refusal was added to the [Pennsylvania Board of vehicles Act]." *Rosado v. Ford Motor Co.*, 337 F.3d 291,294 (3d Cir. 2003). Therefore, the timeliness issue was unaddressed in *Crivelli* because it was not yet statutorily required.

Similarly, Bowser's allegations in Count II are not factually defective. Pursuant to the Act, the due date for Defendants' approval of the Asset Purchase Agreement or invocation of its right of first refusal is 60 days after the "receipt" of any supplemental information from Bowser. In the Complaint, Bowser alleges that its supplemental response to Defendants was "received" on Friday, August 4, 2006 (Docket No. 1 at ¶ 34) and therefore, Bowser alleges that the 60 day time period for Defendants' response began to run on that day. Defendants, however, allege that such information was not received until the next business day, Monday, August 7, 2006, and therefore, Defendants' response was timely. (Docket No. 5 at p. 6). Whether Defendants actually received the supplemental information on August 4, 2006 is a matter that can easily be determined during discovery.

Accordingly, Bowser's claim should not be dismissed.

**C.  Count IV**

In Count IV of the Complaint, Bowser alleges that Defendants tortiously interfered with the contract by and between Bowser and P & W. (Docket No. 1 at p. 9). In order to plead a claim of tortious interference with a contract, a plaintiff must allege (1) the existence of a contractual or prospective contractual relationship; (2) purposeful action on the part of the defendant intended to harm the contractual or prospective contractual relationship; (3) the absence of privilege or justification on the part of defendant; and (4) actual legal damage resulting out of the defendant's conduct. *Crivelli*, 215 F.3d at 394. An actor is privileged to interfere with the performance of a contract when (1) the actor has a legally protected interest; (2) he acts or threatens to act to protect that interest; and (3) the threat is to protect such interest by proper means. *Id.* at 395. Further, when determining whether interference is improper, the Court

must look to the following factors: (1) the nature of the actor's conduct; (2) the actor's motive; (3)the interests of the other with which the actor's conduct interferes; (4) the interests sought to be advanced by the actor; (5) the social interests in protecting the freedom of the action of the actor and the contractual interests of the other; (6) the proximity or remoteness of the actors' conduct to the interference; and (7) the relations between the parties. *Id*. at 394-395.

Defendants appear to dispute only the element of absence of privilege or justification. (Docket No. 5 at p. 7). Indeed, Defendants argue that GM had a legally protected interest (a contractually provided for right of first refusal) which was asserted in good faith. The issue in this case, however, is not whether Defendants had a contractually provided for right of first refusal. Instead, the issue is whether Defendants effectively exercised this right of first refusal. Whether Defendants effectively exercised their right of first refusal depends upon whether the October 5, 2006 letter was timely. This issue cannot be determined solely by examination of the pleadings. Accordingly, Defendants' Motion to Dismiss should be denied.

**D.     Count V**

In Count V of the Complaint, Bowser alleges that Defendants tortiously interfered with Bowser's prospective economic advantage by failing to approve the Asset Purchase Agreement or exercise the right of first refusal in a timely manner. (Docket No. 1 at p. 10). Under Pennsylvania law, a plaintiff asserting a claim for tortious interference with a prospective economic advantage must demonstrate that: (1) a contractual or prospective contractual relationship existed between plaintiff and a third party; (2) a defendant took purposeful action intended to harm that relationship; (3) that no privilege or justification applies to the harmful action; and (4) damages resulted from the defendant's conduct. *Marshall v. Fenstermacher*, 388

F.Supp2d. 536, 556-557 (E.D.Pa. 2005). As set forth above in Section C, Defendants appear to take issue only with the element of absence of privilege or justification for the alleged conduct. For the reasons set forth above, whether Defendants had a right of first refusal is not the issue in this case. The issue in this case is whether such right was effectively and timely exercised. As pled, Plaintiff has set forth facts sufficient to allege that Defendants' right of first refusal was not exercised in a timely and effective manner. Accordingly, Defendants' Motion should be denied, and this case should proceed through discovery.

**IV. Conclusion**

For the reasons set forth above, Defendants' Motion to Dismiss is denied. An appropriate order follows.

s/Nora Barry Fischer
Nora Barry Fischer
United States District Judge

Dated: January 18, 2008

cc: All counsel of record.