# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOWSER CADILLAC, LLC,            )
                                 )
    Plaintiff,                  )
                                 )
vs.                              )    Civil Action No. 07-1149
                                 )    Judge Nora Barry Fischer
GENERAL MOTORS CORP., ET AL.,    )
                                 )
    Defendants.                 )

## **MEMORANDUM ORDER**

Upon consideration of Defendants General Motors Corporation ("GM") and Saab Cars USA, Inc.'s ("Saab") (collectively hereinafter "Defendants") Motion for Reconsideration (Docket No [30]), Brief in Support (Docket No. [31]), and Plaintiff's Brief in Opposition (Docket No. [32]), on this 22th day of February, 2008, this Court HEREBY DENIES said Motion for Reconsideration.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. V. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). Such a motion should only be granted "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.*" Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration will not be granted if the moving party is merely asking the court to "rethink what has already been decided." *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

1

Based on the Court's reading of Defendants' Motion for Reconsideration and Plaintiff's Response in Opposition, in this Court's estimation, Defendants continue to re-argue the positions set forth in their earlier motion to dismiss, i.e. standing and failure to state a claim, and they appear to be requesting that the Court merely "rethink what has already been decided." *Id*. Further, Defendants fail to establish, let alone argue, that there is new evidence or an intervening change in controlling law that was not available when this Court ruled upon Defendants' motion to dismiss. *See In re Loewen Group Inc. Securities Litigation*, No. Civ.A. 98-6740, 2006 WL 27286, at *1 (E.D. Pa. Jan. 5, 2006) (citation omitted) ("In a motion for reconsideration, the burden is on the movant ... to show 'manifest' errors of law or fact or new evidence").

Instead, Defendants' argument for reconsideration focuses again on the issue of standing and statutory construction as related to the interpretation of Section 12 of the Pennsylvania Board of Vehicles Act, 63 P.S. § 818.2 et seq. Specifically, Defendants maintain that this Court wrongly assumed that standing to bring a claim for unreasonable withholding under Section 12 of the Act is conferred upon a prospective purchaser by an untimely exercise of the manufacturer's right of first refusal under Section 16. (Docket No. 31 at p. 2).[1] In this Court's estimation, the Court has abided by the Pennsylvania laws of statutory construction, considering all the provisions of the statute in question, the plain language of the statute, and applicable case law in making its ruling. 1 PA. Cons. STAT. § 1921(a) and (b); *Holland v. Marcy*, 883 A.2d 449 (Pa. 2005). Accordingly, this Court stands by its original ruling, and declines to re-analyze issues it has already determined.

Accordingly, given the standard for reconsideration and in the interests of judicial economy

---

[1] The Court notes that Defendants fail to cite to any additional case law or precedent in support of their arguments.

and efficiency, this Court DENIES Defendants' Motion for Reconsideration (Docket No. [30]).

*/s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

Date: February 22, 2008